**Johnny O. HOFFMAN and Elizabeth Hoffman, his wife; and Claude Pitrat as Trustee for Hoffman Buick-GMC, Inc., an Arizona corporation, Plaintiffs-Appellants,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant-Appellee.**

No. 85–2936.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 10, 1986.*

Decided April 15, 1987.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Nick Rayes, Phoenix, Ariz., for plaintiffs-appellants.

Jeffrey R. Brooke and Paul G. Cereghini, Phoenix, Ariz., Richard E. Norling, Phoenix, Ariz., for defendant-appellee.

Before CHOY, GOODWIN and PREGERSON, Circuit Judges.

PER CURIAM:

Plaintiff Hoffman Buick-GMC appeals a summary judgment for General Motors Acceptance Corporation. We affirm.

Johnny and Elizabeth Hoffman owned Hoffman Buick-GMC, a General Motors Corporation (GMC) franchise. Hoffman Buick entered into a financing contract with General Motors Acceptance Corporation (GMAC), a wholly-owned subsidiary of GMC. The contract provided Hoffman-Buick a $300,000 line of credit to finance its purchase of new GMC cars for sale. The contract gave GMAC the option to terminate the contract if any of a number of specified events occurred. Arizona law was to apply to all disputes.

Within a few months, GMAC became concerned that Hoffman Buick was under-capitalized. On several occasions GMAC urged the Hoffmans to find additional capital. The Hoffmans tried to do so, but their attempts were unsuccessful. GMAC became convinced that Hoffman Buick was headed for bankruptcy. After a final warning letter to the dealership, GMAC terminated the financing agreement. Soon afterwards, Hoffman Buick filed for bankruptcy.

The Hoffmans and Hoffman Buick sued GMAC in district court. They alleged that GMAC had improperly terminated the contract, and that undercapitalization was not a contractual ground for termination. They asserted violation of Automobile Dealers Day in Court Act, 15 U.S.C. § 1221–25 (ADDICA), breach of the loan contract, and breach of the implied duty of good faith.

GMAC moved for summary judgment or dismissal. It asserted that (1) the Hoffmans had no standing to sue as individuals because they were not parties to the loan contract, (2) GMAC could not be sued under ADDICA, and (3) GMAC did not breach the contract because the contract was terminable at will. GMAC further argued that even if the contract was not terminable at will, termination was proper because tax liens had been filed against the property of Hoffman Buick. The contract gave GMAC the right to terminate the contract if Hoffman Buick's property became subject to tax liens. The court found that the contract was terminable at will and that the tax liens justified termination.

The court held that the individual Hoffmans were not proper plaintiffs and dismissed their claims. It also found that ADDICA did not apply to GMAC. The Hoffmans do not challenge these rulings on appeal.

Hoffman Buick moved for a new trial. The court denied the motion on two grounds: (1) Hoffman Buick failed to denominate the motion as one under Fed.R. Civ.P. 59(e) (motions to amend judgment), and (2) the motion was untimely, having been filed more than ten days after the order granting GMAC summary judgment.

▉ District courts should treat motions seeking reconsideration of dismissal or summary judgment as Rule 59(e) motions, whether or not they cite the rule. *Stephenson v. Calpine Conifers II, Ltd.*, 652 F.2d 808, 811 (9th Cir.1981). In *Stephenson*, the issue was whether motions not specifically brought under Rule 59(e) suspend the time for appeal. We held that they do, implying that such motions should be treated in every respect as though they had cited Rule 59(e). *Id.* Therefore, the district court in this case erred in denying the motion for reconsideration for failure to specify Rule 59(e).

▉ Hoffman Buick next argues that the district court erred in holding that Hoffman Buick's motion for reconsideration was untimely. We agree, but this does not end the case.

Hoffman Buick filed its motion on September 9, 1985, seventeen days after the court issued its summary judgment order. The court held the motion untimely on the basis of Rule 59(e), which provides that a motion to alter or amend the judgment must be served no later than ten days after the judgment is entered. However, the court failed to consider Rule 6(a), which had recently been amended to provide that when the time for filing or serving is less than eleven days, weekends and holidays are excluded from the computation of the period. Hoffman Buick filed its motion for reconsideration exactly ten days, excluding weekends and holidays, after entry of summary judgment. Therefore, the motion was timely.[1]

GMAC contends that the amendment to Rule 6 should not apply here. The amendment applies to all cases filed after August 1, 1985, and "insofar as just and practicable, all proceedings in civil actions then pending." Supreme Court Order of April 29, 1985, Federal Civil. Jud. Proc. and Rules 16 (West 1986). On August 1, 1985, Hoffman Buick's case was pending, and GMAC asserts that to apply the amendment is not "just and practicable" because Hoffman Buick did not rely on the amendment when it filed its motion.

We are not persuaded. Whether or not Hoffman Buick relied on the amendment, applying the new rule promotes justice by enabling us to decide the case on its merits. GMAC does not suffer unfair prejudice because it did not change its position in reliance on the old rule. In fact, GMAC withdrew its timeliness objection below, cit-

---

1. The district court may not have known of the amendment; its order does not refer to the amendment and states that the court had no choice but to deny the motion.

ing the amendment. Applying the rule is also practicable. The parties have thoroughly briefed the substantive issues, and the record on appeal contains each document the district court considered in denying the motion. Therefore, we can decide the substantive issues without remanding the case or asking for additional briefing. In sum, Hoffman Buick's motion was timely under Rules 59(b) and 6(a).

We now turn to Hoffman Buick's argument that the court erred in granting summary judgment to GMAC. The court granted summary judgment on two independent grounds: (1) because the contract was terminable at will GMAC had the right to cancel its line of credit for *any* reason, including undercapitalization; and (2) tax liens had been filed against Hoffman Buick, and the contract gave GMAC the right to terminate if any tax liens were filed against Hoffman Buick's property.

 We need not decide whether the contract is terminable at will because a stated ground for termination existed. Paragraph 3 of the loan agreement provides:

> the Secured Party may, at its option, terminate the line of credit and refuse to advance funds hereunder upon the occurrence of any of the following: ... the filing of any notice of a tax lien against any of the Debtor's property....

Hoffman concedes that tax liens were filed against its property before GMAC terminated the contract. GMAC did not know of the liens when it terminated, but it may nevertheless assert the liens as a defense. *See Restatement (Second) of Contracts* § 237 (1969) (if a condition precedent to the promisor's duty to perform has not occurred, he is under no duty to perform, whether or not he knows the condition has not occurred); *see also College Point Boat Corp. v. United States*, 267 U.S. 12, 15, 45 S.Ct. 199, 200, 69 L.Ed. 490 (1925); *Western Auto Supply Co. v. Sullivan*, 210 F.2d 36 (9th Cir.1954); 3A *Corbin on Contracts* § 762 (1951).

Hoffman Buick argues that GMAC should be estopped from asserting the tax liens as a defense, because "GMAC continued to pour credit into Hoffman's business, while at the same time possessing knowledge of every single business irregularity complained of." The record does not sustain the point. GMAC repeatedly warned Hoffman Buick that it would have to improve its financial position. GMAC gave Hoffman Buick no reason to expect that GMAC would continue to extend credit indefinitely. Moreover, Hoffman Buick did not change its position in reliance on GMAC's continued extensions of credit. From the beginning, Hoffman Buick was undercapitalized, and it has made no showing that GMAC's loans caused it to change its position for the worse. Therefore, Hoffman Buick cannot make a case for estoppel.

Affirmed.